GEORGE EPSTEIN, Landlord-Respondent, v. THEODORA KUTZ, Tenant-Appellant.— Final order of dispossess of the County Court of Rockland county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

SAMUEL FISCHLER, Plaintiff, v. JENNIE KAUFMAN and Another, Appellants, and Others, Defendants. JOSEPH W. CATHARINE, Receiver-Respondent.— In an action to foreclose a mortgage, order fixing the rental value of a portion of the premises and directing tenants to attorn to a receiver modified so as to provide that Jennie Kaufman, the tenant, and Jacob Kaufman, her husband, the occupant of the ground floor and basement, are directed to attorn to the receiver. As so modified, the order, in so far as appealed from, is affirmed, with costs to respondent. Young, Carswell, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents and votes to reverse the order and deny the motion upon the ground that Jacob Kaufman was the owner of the premises and in actual possession thereof, and, therefore, is not required to pay rent either for the apartment or for the store and basement. (*Holmes* v. *Gravenhorst*, 263 N. Y. 148.)

BELLA GOLDIN, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— Order denying defendant's motion for summary judgment affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

ABRAHAM GOTTFRIED, Appellant, v. CITY OF NEW YORK and INTERBOROUGH RAPID TRANSIT COMPANY, Respondents.— Judgment for plaintiff for nominal damages, without costs, in an action to recover damages for impairment of the easements of light, air and access of plaintiff's property by reason of the construction of an elevated railroad and station in the street adjacent thereto reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. We are of the opinion that there was substantial damage to plaintiff's property. It appeared on the former trial that actual sales of this property between 1920 and 1925 showed an increase in value from the time the elevated railroad structure was erected. This may have been due to the better facilities of transportation or to general increase in value for other reasons. Naturally, with the station and platform directly in front of plaintiff's building and with the noise and vibration of passing trains, it would be expected that such a situation would tend to impair the value of the property by the interference with light, air and access. Notwithstanding the increase in value noted, it is competent for plaintiff to show that there would have been a still greater increase except for the disadvantages named. These potentialities should be considered, for the plaintiff is not bound or limited by the increased value as determined by sales alone. Findings inconsistent herewith are reversed and the conclusions of law are disapproved. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur. Settle order on notice.

HILLCREST HOLDING CO., INC., Respondent, v. UNICORN REALTY CO., INC., Appellant, and Others, Defendants.— On defendant's motion to strike from a proposed case on appeal a stipulation contained therein, order affirmed, with twenty-five dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur. [See *ante*, p. 631.]