ROBERT DI FAZIO, an Infant, by FRANCES DI FAZIO, His Guardian ad Litem, et al., Appellants, v. A & D DOLL CO. INC., Respondent.— In an action by the infant plaintiff to recover damages for personal injuries sustained as a result of having his hand caught in machinery in defendant's factory, and by his mother for loss of services and for expenses, judgment in favor of defendant, entered on a verdict of a jury, unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ.

■

DANIEL A. DONOHUE et al., Respondents, v. ROBERT B. STELLING et al., Defendants, and KATHERINE BUHL et al., Appellants.— In an action to foreclose a mortgage, order striking out as sham a defense pleading the six-year Statute of Limitations affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.

■

RAYMOND HARRIS et al., Respondents, v. LORD ELECTRIC COMPANY, INC., Defendant and Third-Party Plaintiff-Respondent. PORT OF NEW YORK AUTHORITY, Third-Party Defendant-Appellant; CITY OF NEW YORK et al., Third-Party Defendants-Respondents.— The plaintiffs suffered injuries on July 28, 1950, because of an explosion of gases in a manhole at the New York International Airport. Their action to recover damages is against the Lord Electric Company, Inc., which constructed the manhole. On May 5, 1952, the Lord Company served a third-party summons and complaint on the Port of New York Authority, alleging that the Authority's active negligence caused the injuries, and claiming that the action lies under the joint enactment of the Legislatures of the States of New York and New Jersey, which waives the Authority's sovereign immunity to suit and which became effective June 13, 1951. (L. 1950, ch. 301; N. J. L. 1951, ch. 204.) The Port Authority appeared specially and moved to set aside the process on the ground that it appears on the face of the third-party complaint that the court is without jurisdiction of the person or the subject matter. The motion was denied on the ground that the action for indemnity will not accrue until the Lord Company is held liable at the suit of the plaintiffs, and that the said action is not upon, in connection with, or arising out of a contract, expressed or implied. Order reversed on the law, with $10 costs and disbursements, and the motion granted, without costs. The statute involved is prospective in effect. (*Ryan Stevedoring Co.* v. *United States*, 175 F. 2d 490, certiorari denied 338 U. S. 899; *Terminal R. Assn. of St. Louis* v. *United States*, 182 F. 2d 149, certiorari denied 340 U. S. 825.) Carswell, Acting P. J., Johnston, Adel, MacCrate and Schmidt, JJ., concur.