THOMAS TRIPPE et al., Plaintiffs, *v.* PORT OF NEW YORK AUTHORITY et al., Defendants.

Supreme Court, Special Term, Queens County, June 13, 1962.

*Joseph P. Marcelle* and *David G. Lubell* for plaintiffs. *Sidney Goldstein, Nathaniel Fensterstock, Joseph Lesser, Alan Littau* and *Lionel Frankel* for Port of New York Authority, defendant.

HAROLD TESSLER, J. Eight hundred nine property owners have brought this action against the Port of New York Authority (hereinafter called Port Authority) and the numerous airlines that use the facilities at Idlewild International Airport for damages incurred as a result of an alleged taking and loss in value of their properties situated " within the area bounding and about said Idlewild Airport and known as the community of Rosedale ".

The defendant Port Authority moves to strike certain allegations contained in the first cause of action and the first paragraph and paragraph " A " of the prayer for relief " on the ground that the court lacks jurisdiction over the subject matter thereof, and over the person of The Port of New York Authority with respect thereto, because The Port of New York Authority is a body corporate and politic created by Compact between the States of New York and New Jersey with the consent of Congress, and as such is an agency of both states, and said states have not consented to the maintenance of suits, actions or proceedings against The Port of New York Authority, except upon compliance with certain statutory jurisdictional conditions precedent * * * with which the plaintiffs have failed to comply ", to wit, " consent [to be sued] is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced *within one year* after the cause of action therefor shall have accrued ". (Emphasis supplied.) (L. 1950, ch. 301; N. J. L. 1951, ch. 204.)

It is the contention of the movant that the cause of action upon which plaintiffs base their claims for damages accrued as far back as 1947 and since this action was commenced on December 14, 1961, there is no jurisdiction over that portion of the subject

matter of the action or over the person of the Port Authority with respect to the period from 1947 to December 14, 1960 (the latter date would be one year prior to the commencement of this action). Hence, the Port Authority argues that the only portion of plaintiffs' cause of action against it which is not jurisdictionally defective is that which accrued since December 14, 1960.

At the outset it is necessary to determine the theory or theories upon which plaintiffs' first cause of action rests. The Port Authority argues that this cause of action sounds in nuisance, trespass and a taking, damages for which can be sought only by complying with the statutory condition precedent mentioned above. Plaintiffs, on the other hand, assert that the first cause of action is based solely upon a taking of their properties without compensation being made therefor in violation of the Constitutions of the United States and of the State of New York and is in no way dependent upon any statutory waiver of immunity, thereby eliminating the need to comply therewith.

The complaint contains three separate causes of action. The first is against the Port Authority alone and the latter two are against the airlines that use the facilities at Idlewild Airport.

In the first cause of action plaintiffs aver that the acts complained of have "occurred continuously without interruption from and after the year 1947"; that airplanes using Idlewild Airport warmed up their jet and propeller motors by turning them over at a tremendous rate of speed, causing noise that interfered with the use and enjoyment of plaintiffs' properties, by making ordinary conversation extremely difficult and often absolutely impossible; that in taking off and landing the said airplanes did fly close to the plaintiffs' property, and that while near plaintiffs' properties the airplanes are so loud that they deprive the plaintiffs of the use and quiet enjoyment thereof; that in taking off and landing the airplanes did fly directly over the plaintiffs' properties and that while over the plaintiffs' properties the airplanes are so loud that they deprive plaintiffs of the quiet use and enjoyment thereof; that plaintiffs' properties at all the times complained of have been used by the Port Authority and said Idlewild Airport as an approach area for the airport; that this approach area used by airplanes and airliners in landing and taking off is as much a part of the airport as are the runways; that the approach area of an airport is that area where airplanes necessarily fly over at less than 500 feet as part of the necessary procedure for landing and taking off; that as a result of all of this, the defendant Port Authority has appropriated to its own use the respective properties of the plaintiffs as an approach area for the said Idlewild Airport with-

out offering or paying reasonable compensation therefor. It is further alleged that the Port Authority, having the power of eminent domain, has nevertheless failed to acquire the properties by condemnation and has neglected and refused to pay any compensation to the plaintiffs for the damages to their properties sustained by reason of the above described wrongful acts.

The first cause of action indeed sounds in nuisance, trespass and a taking. This appears from both a reading of the allegations contained therein and plaintiffs' affidavits submitted in opposition to the motion. Plaintiffs therein argue that the allegations of the present complaint in all essential elements are the same as those found in the leading case of *Ackerman* v. *Port of Seattle* (348 P. 2d 664). In reviewing that case the court notes that the Supreme Court of the State of Washington in commenting upon the complaint therein specifically stated (p. 666): "Appellants rely upon (1) a theory of constitutional taking * * *; (2) a theory of common law trespass; or (3) nuisance." Moreover, as already noted, the instant complaint contains a second and third cause of action solely against the defendant airlines which counsel for plaintiffs asserts are in the nature of " a continuing nuisance " and for " trespass ". However, the complaint nowhere contains separate allegations against the defendant airlines for such nuisance and trespass but rather incorporates by reference the allegations contained in the first cause of action against the Port Authority. The second and third causes of action merely omit those allegations that charge the Port Authority with a taking.

The Port Authority enjoyed sovereign immunity in actions *ex contractu* and in tort prior to 1951 (see, e.g., *Roochvarg* v. *Port of New York Auth.*, 190 Misc. 406; *Hergott* v. *Port of New York Auth.*, 269 App. Div. 770; *LeBeau Piping Corp.* v. *City of New York*, 170 Misc. 644; *Voorhis* v. *Cornell Contr. Corp.*, 170 Misc. 908). Accordingly, those allegations contained in the first cause of action relating to trespass and nuisance cannot be asserted against it for the years prior to 1960. (*Harris* v. *Lord Elec. Co., Inc.*, 281 App. Div. 693.) The waiver of immunity statute provides, as already noted, that all actions against the Port Authority must be brought within one year after the cause of action has accrued. Hence, this court is without jurisdiction over both the subject matter and the person of the Port Authority with respect to those claims sounding in nuisance and trespass for the years prior to December 14, 1960.

Plaintiffs' theory predicated upon a constitutional taking gives rise to a more complex problem. The Port Authority maintains that this theory is no different from those sounding

in trespass and nuisance insofar as jurisdiction is concerned. The question to be determined at this point is whether plaintiffs need comply with the afore-mentioned statutory condition precedent when their theory is predicated on a constitutional guarantee or, to put it another way, did the Port Authority, which is a direct governmental agency of both States (*Whalen* v. *Wagner,* 4 N Y 2d 575), enjoy sovereign immunity prior to 1951 with respect to a constitutional prohibition, namely, section 7 of article I of the Constitution of the State of New York, which provides in pertinent part:

" (a) Private property shall not be taken for public use without just compensation.

" (b) When private property shall be taken for any public use, the compensation to be made therefor, when such compensation is not made by the state, shall be ascertained by a jury, or by the supreme court without a jury, but not with a referee other than an official referee, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law."

The question here presented is one of first impression. In actions against the Port Authority prior to 1951 the courts of this State were not concerned with the afore-noted constitutional provision. These actions were common-law actions grounded in tort or contract.

The contention urged upon this court by the Port Authority is repugnant to the principles upon which the government of this State and Nation are founded. To hold that the Port Authority was immune from suit prior to 1951 in the instance where it appropriated private property for public use without paying just compensation is contrary to fundamental American jurisprudence. " The liability to pay for property taken is not created by * * * statute. It is a constitutional liability instead of a mere statutory one. The Constitution prohibits the taking of private property for public use, without due compensation being made therefor." (*Matter of Clark* v. *Water Commrs.,* 148 N. Y. 1, 7–8.) " Certain it is that no honest legislature or just government would be guilty of the moral piracy of failing to recognize and fulfil the duty of making just compensation where private property should be taken for public use ". (*Heyward* v. *Mayor,* 7 N. Y. 314, 324.)

The Port Authority contends, however, that section 7 of article I of the New York State Constitution is not self-executing; that consequently no action could be maintained without legislative enactment. In support of this argument the Port Authority relies on *People ex rel. Dubois* v. *Board of Supervisors of Ulster*

*County* (3 Barb. 332, 334) which, it contends, "held once and for all that Article 1, § 7 of the New York State Constitution, is not self-executing." True, the court so held and in pertinent part stated (pp. 334, 335) that "until there is some legislation on the subject, no damages could be assessed &ast; &ast; &ast;. Here the intention of the framers of the constitution to call for legislative action, is not left to implication, and admits of no doubt. The language employed is ' as shall be prescribed by law.' "

This court, however, has serious doubt as to whether *People ex rel. Dubois* v. *Board of Supervisors of Ulster County* (*supra*) has conclusively determined that section 7 of article I of the Constitution is not self-executing. There is a paucity of case law on the precise question. In 1852, however, some four years after the decision in the *Dubois* case, the same court held in *People ex rel. Olmsted* v. *Board of Supervisors of the County of Westchester* (12 Barb. 446, 453) that section 7 of article I is self-executing, stating: " The 7th section of the 1st article provides that when private property *shall* be taken for public use, the compensation to be made therefor, when such compensation is not made by the state, *shall be* ascertained by a jury, or by not less than three commissioners appointed by a court of record, as shall be prescribed by law. &ast; &ast; &ast; There are provisions in the constitution expressly postponing the operation of some of its clauses; but neither of them has reference to that part of the 7th section of the 1st article, which I have quoted." See, also, *People ex rel. Gas Light Co.* v. *Common Council of City of Syracuse* (78 N. Y. 56, 63) wherein the *Olmsted* case has been characterized as an instance where a *fixed* legal right to compensation for lands condemned for public purposes has been shown. " The fact that a right granted by a constitutional provision may be better or further protected by supplementary legislation does not of itself prevent the provision in question from being self-executing. (16 C. J. S., Constitutional Law, p. 144, and cases there cited; see, also, 11 Am. Jur., Constitutional Law, § 75, p. 692.) " (*People* v. *Carroll*, 3 N Y 2d 686, 692–693.)

It would thus appear that section 7 of article I is self-executing and is in no way dependent upon enabling legislation to effectuate its intended purpose. To hold otherwise would mean that the Constitution itself gives a right which the Legislature may deny by failing or refusing to provide a remedy. " Such a construction would indeed make the constitutional provision a hollow mockery instead of a safeguard for the rights of citizens ". (*Chick Springs Water Co.* v. *State Highway Dept.*, 159 S. C. 481, and the cases therein cited.)

The court is, therefore, of the opinion that plaintiffs need not comply with section 7 of chapter 301 of the Laws of 1950, in order to maintain their action based upon a constitutional taking. That section, as previously noted, provides that " *consent* " to be sued is granted by the Port Authority upon the condition " that any suit, action or proceeding *prosecuted or maintained under this act* shall be commenced within one year after the cause of action therefor shall have accrued ". (Emphasis supplied.) The court, being of the opinion that this action is not " prosecuted or maintained under this act ", the one year statutory limitation is not applicable.

The case of *Pauchogue Land Corp.* v. *State Park Comm.* (243 N. Y. 15, 24) is not to the contrary. In that case plaintiff was precluded from recovering damages against the State Park Commission because " A judgment of the Court of Claims assessing damages * * * may sufficiently guarantee the constitutional right to just compensation." In the case at bar, however, the Court of Claims was not available to the plaintiffs.

*Benz* v. *New York State Thruway Auth.* (9 N Y 2d 486) is likewise inapplicable. The Court of Appeals there held that the Thruway Authority could not be sued in the State Supreme Court even though plaintiffs claimed that they had been deprived of their property without compensation. Here again the rationale underlying that decision is predicated upon the fact that the Court of Claims has exclusive jurisdiction to hear and determine all claims against the Thruway Authority (Public Authorities Law, § 361-b). It is to be noted that the Court of Claims is a constitutional court and the Constitution of the State of New York provides that that court will have jurisdiction of suits against the State. The Constitution itself circumscribes the jurisdiction of the Supreme Court where claims are asserted against the Thruway Authority. It cannot, therefore, be said that a constitutional right was denied in *Benz.* (See *Easley* v. *New York State Thruway Auth.,* 1 N Y 2d 374.)

The Port Authority further claims that plaintiffs have mistaken their remedy. Relying upon *Miller* v. *Port Auth.* (18 N. J. Mis. Rep. 601) it is urged that the proper remedy under the circumstances herein is in the nature of mandamus to compel the Port Authority to initiate condemnation proceedings.

While mandamus may be available, the court is of the opinion that plaintiffs are not prevented from seeking redress in the factual posture of the instant action, particularly where, as here, the governmental agency did not enjoy sovereign immunity with respect to a constitutional taking. The court views " An action like the present * * * a substitute for condemnation pro-

ceedings." (*Cox* v. *City of New York,* 265 N. Y. 411, 414-415; see, also, *Ferguson* v. *Village of Hamburg,* 272 N. Y. 234; *Seeley* v. *City of Amsterdam,* 54 App. Div. 9; *Bernhard* v. *City of Rochester,* 127 App. Div. 875.)

The defendant's motion is therefore granted solely to the extent of striking from the first cause of action those allegations relating to claims in nuisance and trespass that accrued prior to December 14, 1960, and the pertinent portions of the prayer for relief with respect thereto contained in the first paragraph and paragraph " A " thereof. There will be no need to serve an amended complaint since the present pleading may be marked by reference to the order to be entered hereon.