THOMAS TRIPPE et al., Respondents, *v.* PORT OF NEW YORK AUTHORITY, Appellant, et al., Defendants.

Second Department, December 24, 1962.

*Nathaniel Fensterstock* of counsel (*Daniel B. Goldberg, Joseph Lesser* and *Alan J. Littau* with him on the brief; *Sidney Goldstein,* attorney), for appellant.

*David G. Lubell* of counsel (*Joseph P. Marcelle,* attorney), for respondents.

HILL, J. This is an action by numerous home owners in Rosedale, a community alongside Idlewild Airport, against the Port of New York Authority as operator of the airport, and against 39 airlines that use the facilities of the airport.

The complaint contains three causes of action. The first cause of action — the only one presently involved — is against the Port Authority only; and it seeks damages for nuisance, for trespass and for the " taking " *since 1947,* of the air easements and space over and upon plaintiffs' properties.

Instead of interposing an answer, the Port Authority appeared specially and moved to strike out those portions of the first cause of action that seek compensation for claims which accrued prior to December 14, 1960 — such date being one year before the commencement of the action. The motion was made " on the ground that the court lacks jurisdiction over the subject matter thereof, and over the persons of The Port of New York Authority with respect thereto, because The Port of New York Authority is a body corporate and politic created by Compact between the States of New York and New Jersey with the consent of Congress, and as such is an agency of both states, and said states have not consented to the maintenance of suits, actions or proceedings against the Port of New York Authority, except upon compliance with certain statutory jurisdictional conditions precedent * * * with which the plaintiffs have failed to comply," to wit, " consent [to be sued] is granted upon the condition that any suit, action or proceeding prosecuted or maintained under this act shall be commenced *within one year* after the cause of action therefor shall have accrued ". (Emphasis supplied.) (L. 1950, ch. 301, § 7; N. J. L. 1951, ch. 204.)

The Special Term granted the motion to the extent of striking out those allegations relating to claims in *nuisance* and *trespass* that accrued prior to December 14, 1960 (the action having been commenced December 14, 1961), but denied the motion as to the allegations relating to the " taking." The Special Term held that the Port Authority is not immune to an action pursuant to the constitutional guarantee of due compensation for the taking of property, and that the suability statute is inapplicable thereto, since in both intent and scope it applies only to such actions as to which, prior to its enactment in 1950, the Authority was immune from suit (*Trippe* v. *Port of New York Auth.,* 35 Misc 2d 744).

In this State, it has been held that an owner asserting a claim for appropriation of his property may pursue his right by an action in equity for an injunction, and for damages; the court may then, as an alternative to the injunction, make an award for the taking (*Pappenheim* v. *Metropolitan El. Ry. Co.,* 128 N. Y. 436; *Van Allen* v. *New York El. R. R. Co.,* 144 N. Y. 174). This method of compensation is called inverse condemnation, and has been said to be the equivalent of condemnation (*Ferguson* v. *Village of Hamburg,* 272 N. Y. 234, 240). Here, apparently, the plaintiffs did not adopt this remedy, because injunctive relief was open to them only through a suit by the Attorney-General (L. 1950, ch. 301, § 9).

However, based upon the alleged unlawful taking, the plaintiffs are free to seek relief against the Port Authority by any other appropriate proceeding or action wherein plaintiffs' rights might be enforced, including a proceeding to compel the Authority to condemn the subject property rights, or an action for damages as alleged in the first cause of action herein (see *Gottfried* v. *City of New York,* 246 App. Div. 634, affd. 271 N. Y. 557; *People ex rel. Mott Wheel Works* v. *Hayes,* 179 App. Div. 962; 17 Carmody-Wait, New York Practice, § 274, pp. 403–404 *et seq.*).

In our opinion, Special Term correctly held that at no time prior to the enactment of chapter 301 of the Laws of 1950 did the Port Authority have or enjoy sovereign immunity from a claim based upon an alleged taking of property for public use without just compensation therefor, in violation of the pertinent mandate and guarantee of the Constitution of the State of New York (N. Y. Const., art. I, § 7; see *Matter of Clark* v. *Water Comrs. of Amsterdam,* 148 N. Y. 1, 7–8; *Heyward* v. *Mayor,* 7 N. Y. 314, 324).

It is the Port Authority's contention that the State may fix a time limit for the commencement of a suit, such as the instant one, for damages for the taking of plaintiffs' aerial easements, and that the one-year limitation upon the consent to suit statute herein is applicable. Plaintiffs do not dispute the proposition that the State has the power to fix a reasonable time limit for the commencement of a suit such as this. They contend, however, that such limitation is to be found not in the consent to suit statute as claimed by the Port Authority — a statute which they say is inapplicable — but in section 37 of the Civil Practice Act, which fixes 15 years as the period of obtaining title by prescription.

While it cannot be doubted that the Legislature has the power to fix a reasonable time limitation for the enforcement of such

claims, we are of the opinion that the Special Term was correct in rejecting the Authority's contention that the consent to suit statute applies to plaintiffs' cause of action for compensation for the taking of their property rights. By its express language, chapter 301 of the Laws of 1950 is an act wherein the State consented to actions against the Port Authority which previously were subject to the plea of sovereign immunity. Since, as above stated, the instant action is not subject to the defense of sovereign immunity, chapter 301, which is restricted to those actions which were so subject, has no application. Thus, section 7 of the act, which the Authority relies upon, dealing with the time in which to commence an action, specifically relates back to the "foregoing consent." This *foregoing consent* is the consent contained in section 1 of the act to suits against the Port Authority and is clearly a waiver of the sovereign immunity which previously could have been pleaded; it has been so interpreted by the courts of this State (see *Harris* v. *Lord Elec. Co.*, 281 App. Div. 693; *Marmor* v. *Port of New York Auth.*, 203 Misc. 568). Where, as here, there is no immunity (because of the constitutional requirement of just compensation) a waiver of immunity statute has no application.

Accordingly, plaintiffs' claim for compensation for the alleged "taking" by defendant which accrued from 1947 to December 14, 1960 is not barred by the one-year limitation contained in the consent to suit statute (L. 1950, ch. 301, § 7). Absent a specific Statute of Limitations, the general rule is that the statute of repose by prescription applies to claims based on a *de facto* appropriation (*Taylor* v. *State of New York*, 302 N. Y. 177; *Muller* v. *Manhattan Ry. Co.*, 124 App. Div. 295, affd. 195 N. Y. 539; *Hindley* v. *Manhattan Ry. Co.*, 185 N. Y. 335; 123 A. L. R. 676 Annotation).

The order, insofar as appealed from, should be affirmed, with $10 costs and disbursements.

BELDOCK, P. J., UGHETTA, BRENNAN and HOPKINS, JJ., concur.

Order, insofar as appealed from, affirmed, with $10 costs and disbursements. The Port Authority's time to answer the complaint is extended until 30 days after entry of the order hereon.