CARROLL, DONALD K., Judge.
The defendants in an action for declaratory relief have appealed from a summary final decree entered by the Circuit Court for Escambia County declaring that they held no title or interest in certain waterfront lands.
While the court did not expressly designate the decree appealed from as a summary decree, but merely called it an “order,” the court therein recites that the cause was heard upon the plaintiffs’ complaint and their motion for summary judgment based upon the pleadings, exhibits, and affidavits. In the remainder of the order, the court’s language indicates that it is following the procedure prescribed by our rules relating to the entry of summary judgments and decrees. We, therefore, hold that the ruling appealed from herein is a summary final decree, so its validity must be tested in the light of the principles applicable to such decrees.
Stated briefly, the land which is the subject of this controversy is that which extends for about 110 feet between the high-water mark of Perdido Bay south to the northern boundaries of Lots 90 to 95, inclusive, in a subdivision known as Oak Court Addition, in the said county.
The following pertinent facts appear to be uncontroverted in the record on appeal:
The mentioned subdivision was originally composed of two parcels of land, one of which was owned by Lottie Eitzen and the other by Helen Touart. These owners separately conveyed their individual parcels to Oak Court, Inc., a corporation which was organized to subdivide and sell lands in Escambia County. Each named grantor retained a vendor’s lien for the purchase price of the parcel she conveyed to the corporation. The land so conveyed was subdivided by the corporation and the plat filed for record. A number of lots in the subdivision were sold before the corporation encountered financial difficulties and found itself unable to make the payments on the purchase money mortgages held by Mrs. Eitzen and Mrs. Touart as and when they accrued. The record contains an affidavit signed by the surviving directors of Oak Court, Inc., the dissolved corporation, which states that at a meeting of the stockholders held on November 30, 1927, a resolution was adopted authorizing the corporation to reconvey to Mrs. Eitzen and to Mrs. Touart all of the property originally conveyed by them to the corporation, excepting therefrom only such parcels as had been subsequently conveyed to third persons. In pursuance of this resolution the corporation, by deed executed in 1927, conveyed to Mrs. Touart certain described lots in the western half of the subdivision, and conveyed to Mrs. Eitzen other described lots in the eastern half of the subdivision. Among the lots reconveyed to Mrs. Eitzen are those numbered 90 through 95, which are involved in this litigation. For some reason not disclosed by the record, no formal conveyance was made by the corporation to Mrs. Eitzen of the strip of *658 land lying between the northern boundary of Lots 90 to 95 inclusive, and the waters of Perdido Bay. It is reasonably inferred from the evidence contained in the record that this strip of land was included in the parcel originally owned by Mrs. Eitzen and conveyed by her to the corporation, and is the strip of land which is in dispute in this proceeding.
In September of 1960 Mrs. Touart and her husband, two of the appellants herein, designating themselves as the surviving directors of Oak Court, Inc., a dissolved corporation, conveyed to their son, also an appellant herein, all of the property lying along the water’s edge between Perdido Bay and Lots 90 to 95.
Mrs. Eitzen later died, and her executrix, the appellee Lottie E. Gonzalez, executed a warranty deed attempting to convey to herself and Katherine E. Carlin, the other appellee, the land between the bay and the said five lots, with the exception of a 50 foot wide right of way on the beach, which is kept open for pedestrians who are residents or landowners.
On July 18, 1962, the appellees Gonzalez and Carlin filed their complaint seeking a declaration that they hold the right and title to the land between the said lots and the bay along with the riparian rights to the said waterway, except for the said 50 foot right of way. They allege that the intent and purpose of the subdividers and owners of Oak Court Addition was that the conveyances to the purchasers of the lots adjacent to the bay carried with them the riparian rights, except for the said right of way.
In the order appealed from the chancellor held that the only conclusion and inference to be drawn from the pleadings and submitted proofs is that the true ownership of the strip of land in question lies in the plaintiffs and not in the defendants. The chancellor did not set forth his reason for this holding and we can only speculate as to whether he accepted the plaintiffs’ theory that the subdividers intended the owners of the said Lots 90 to 95 inclusive to own the land between the bay and the lots, together with the riparian rights. Such a theory can be sustained only upon a finding that the disputed strip of land was omitted from the deed given by Oak Court, Inc. to Mrs. Eitzen through error, inadvertence, or mistake, and that the equities of the cause require the title to this land now be declared and confirmed in the plaintiffs in this case. We observe that the pleadings contain no issue and the decree contains no ruling with respect to reformation, nor does the record contain any evidence which as a matter of law could be held to divest M. A. Touart, III of the interest claimed by him in the disputed strip of land as a bona fide purchaser thereof without notice of the undisclosed equitable claim of plaintiffs.
Under Rule 1.36 of the Florida Rules of Civil Procedure, 30 F.S.A. a summary judgment or decree cannot be entered if there is a genuine issue of a material fact. This court and the other appellate courts of this state, however, have many times pointed out that, even if all of the evidentiary facts are uncontradicted, a summary judgment or decree is not proper if those facts are reasonably susceptible of conflicting inferences. See this court’s decisions in Smith v. City of Daytona Beach, Fla.App., 121 So.2d 440 (1960), Pan American Distributing Company v. Sav-A-Stop, Inc., Fla.App., 124 So.2d 753 (1960), and Pollock v. Kelly, Fla.App., 125 So.2d 109 (1960).
It is our view that the evidence contained in the record before the chancellor when he considered plaintiffs’ motion for summary judgment was not only susceptible of conflicting inferences leading to different conclusions, but leaves unresolved issues framed by the pleadings on which no evidence has yet been offered by either party.
We hold that the summary final decree appealed from was improvidently entered, and the said decree is reversed, and the *659 cause remanded with directions for further proceedings consistent with the views herein set forth.
Reversed and remanded with directions.
STURGIS, C. J., and WIGGINTON, J., concur.