Mitchell D. Schweitzer, J.
Motion for an order staying the arbitration sought to be instituted by claimant herein is disposed of as follows: The respondent MYAIC urges that the arbitration should be stayed permanently, for the claimant’s claim was not timely filed. The claim arose out of an alleged hit-and-run accident. Respondent urges that under the insuring agreement, claims in such cases must be made within 90 or 91 days after the accident. Claimant argues that, by virtue of the nature of the injuries sustained by him, both physical and mental, such filing was accomplished as soon as reasonably possible after the accident and that, at most, a preliminary trial of this issue is necessary.
The insuring agreement, section 2 (c), provides that in cases of hit-and-run accidents, a condition precedent to the assertion of a claim is that “ (2) the insured or someone on his behalf shall have reported the accident within 24 hours or as soon as reasonably possible to * * * police * * * and shall have filed within 90 days with the MV AIC thereafter a statement under oath”. The MV AIC endorsement also contains, under the “ Conditions ” to the policy that “Within 90 days or as soon as practical, the insured or other person making claim shall give to MYAIC written notice of claim ”. The accident concerned occurred on January 8, 1965. A policeman, at •the scene of the accident, made out a report thereof on that date. The claim was not filed with the MV AIC until May 20, 1965, some five months later.
Regardless of whether or not the above-quoted section of the insuring agreement is construed as requiring a report within 90 days after the accident, or within 90 days after the police report has been made, claimant would be time-barred from asserting his claim now. The sole basis asserted for sustaining claimant’s argument is the allegedly conflicting provisions of the “ Conditions ”, which require a claim to be made as soon as reasonably possible after the accident. However the provisions of section 2 (c) (2) cover specifically and only hit-and-run accidents and are clear in import. An insured, injured in such an accident, is given some leeway in making the police or motor vehicle bureau report, but once that report has been made, he has only 90 days thereafter to file the required statement with the MYAIC. Under long-honored rules of contract construction these specific provisions control over the general requirement of notice as soon as reasonably possible, contained in condition 3 of the endorsement. Ño ambiguity exists, sufficient to *751 require interpretation by this court in the manner urged by claimant (see Burlandi v. MV AIC, N. Y. L. J., Oct. 6, 1965, p. 15, col. 3). No question is, on the facts, raised of the result where the claimant might remain physically unable to make a report to the MV AIC for more than 90 days, but where another on his behalf, has made a report to the police more than 90 days prior thereto. If such a situation does arise, it will be then faced. However in view of the clear language of the contract, it is not for this court to adopt strained interpretations to reach possibly desired results, for the timely report is a condition precedent to claim, and does not set forth a short Statute of Limitations (see Trippe v. Port of New York Auth., 35 Misc 2d 744). The motion is accordingly granted, and the arbitration permanently stayed.