CARROLL, DONALD K., Judge.
The plaintiffs in an inverse condemnation action have appealed from a final summary judgment entered by the Circuit Court for Levy County in favor of the defendants.
The principal question presented for our determination in this appeal is whether there was no genuine issue as to a material fact and the defendants were entitled to the said summary judgment as a matter of law so as to entitle the defendants to such a judgment under our procedural rules.
The key provision in our rules relating to the entry of summary judgments and decrees is the following provision of Rule 1.510, Florida Rules of Civil Procedure, 30 F.S.A., as amended: Upon the hearing on *621 a motion for a summary judgment or decree, the “judgment or decree shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law.”
The foregoing key provision provides the standard by which we are to judge the validity of the summary judgment appealed from herein.
The plaintiffs, Jacqueline W. Wilson and Blair Wilson, her husband, filed their complaint in the said circuit court against the defendants, State Road Department of Florida, an agency of the State of Florida, Levy County, a political subdivision of the State, The Perkins Bank, and C. Allen. Powell, Jr., a single person, alleging, in pertinent part, that the plaintiffs are- the owners in fee simple of certain described real property situate in the said county; that the defendants department and county have the right of eminent domain; that the said department has contracted for the widening of State Road No. 5 and has surveyed and established the easterly right-of-way boundary to be 40 feet from a certain erroneous existing center line or survey line; and that the said contract is being performed by a contractor as of the date of the filing of the action, and, by virtue of the acts of the said department and contractor, the department is and has been subjecting a portion of the plaintiffs’ said property to its dominion and control. The plaintiffs conclude their complaint by averring that, as a-result of the acts of the defendants department and county, those defendants have deprived the plaintiffs of the free use and quiet enjoyment of their property, and have appropriated and condemned the said property without just compensation and without due process of law, contrary to the Constitution and laws of the State of Florida and of the United States. The plaintiffs pray for just compensation for their property thus' taken, together with damages to the remaining adjacent property.
To the foregoing complaint the defendants department and county filed their answers, generally denying the complaint’s allegations.
After the parties took the depositions of two surveyors, the defendant department duly filed a motion for a summary judgment in its favor on the issue of liability. The ground stated therein for such judgment is that the pleadings, depositions, and affidavit filed in the cause show that there is no genuine issue of any material fact and that the said defendant is entitled to a judgment as a matter of law on the said issue. The plaintiffs also filed a motion, together with an affidavit, for a summary judgment in their favor on the issue of liability.
Upon hearing the above two motions for a summary judgment, the said court entered an order denying the plaintiffs’ motion for a summary judgment, but granting the defendant departmen’s motion for a summary judgment on the issue of liability.
Upon the basis of the last-mentioned order, the Circuit Court entered the final summary judgment appealed from herein, adjudging that the plaintiffs “take nothing by their suit and the Defendants, and each of them, shall go hence without delay.”
Before the Circuit Court at the hearing on the motions for summary judgment were, in addition to the pleadings, the above-mentioned affidavits and depositions and voluminous documentary evidence, including the surveys made by the said surveyors. To discuss all of such evidence in detail or in depth in order to demonstrate the conflicts therein or the conflicting inferences that might be drawn therefrom, would unnecessarily prolong this opinion. Suffice it to say that, in our judgment, the evidence is susceptible of the conclusion apparently reached by the court (that the widening of the road did not involve the plaintiffs’ property), but it is also true that *622 the opposite conclusion is equally inferable from the said evidence.
Under these circumstances we must invoke and apply the rules firmly established in Florida that govern the entry of summary judgments and deer fees. Some of those rules pertinent to our present consideration are as follows:
When ruling upon a motion for a summary judgment, a trial court is not authorized to try or weigh facts, but its only function on such a motion is to determine whether there is present in the cause a material factual issue for trial by a jury. Sconyer v. Scheper, 119 So.2d 408 (Fla.App.1960). In considering a motion for summary judgment a trial court is not privileged to consider either the weight of conflicting evidence or the credibility of witnesses in determining whetheir a genuine issue of facts exists. Crepaldi V. Wagner, 132 So.2d 222 (Fla.App.1961).
Another pertinent rule is that, in considering a motion for a summary judgment, a trial court should resolve all reasonable inferences against the movant and in favor of the party moved against. Delany v. Breeding’s Homestead Drug Co., 93 So. 2d 116 (Fla.1957). Via v. Tillinghast, 153 So.2d 59 (Fla.App.1963). Koplin V. Bennett, 155 So.2d 568 (Fla.App.1963). By the same token, in an appeal from a summary judgment the reviewing court shotild indulge all proper inferences in favor bf the party against whom a summary judgment or decree has been requested. Humphrys v. Jarrell, 104 So.2d 404 (Fla.App.1958).
Even where the evidence is unfcon-tradicted, the trial court lacks the authority to enter a summary judgment or decreé if such evidence is reasonably susceptible of conflicting inferences. Touart v. Gonzalez, 156 So.2d 656 (Fla.App.1963). Beikirdh v. Jacksonville Beach, 159 So.2d 898 (Fla.App.1964).
A final rule that is appropriate in the present consideration has been recognized in many Florida decisions—that summary judgments and decrees should be entered with caution. The best statement which we have found of this rule is that in the opinion of the District Court of Appeal, Second District of Florida, in Humphrys v. Jarrell, 104 So.2d 404 (1958), as follows:
“Caution and discernment should go hand in hand where the power to enter summary judgment or decree is exercised, for such a power wields a dangerous potential which could have the effect of trespass against fundamental and traditional processes for determining the rights of litigants.”
A recognized corollary to this rule of caution is that the foreseeable difficulty of proving certain allegations may not be used as a yardstick for granting or denying a motion for a summary judgment, as the same District Court of Appeal pointed out in Harrison v. American Fire & Casualty Co., 163 So.2d 324 (1964):
“Reverting to the instant case, any suspected weakness in the issues raised or the foreseeable difficulty of proving certain allegations may not rightly be used as a yardstick for granting or denying summary judgment. Summary judgment was not intended as a broad alternative to the trial of cases, and the procedural short cut may tend to retard rather than promote the administration of justice in that material issues of law and fact may be overlooked or lightly regarded in the peremptory atmosphere of an abridged proceeding. Forston v. Atlantic Engineering and Mfg. Corp., Fla.App.1962, 143 So.2d 364, 368.”
The words “fundamental and traditional processes” in the above quotation from the Humphrys case are particularly apt in the case at bar when we consider the nature of the present proceedings. This is, as we noted at the opening of this opinion, an action in inverse condemnation, a cause of action recognized in many Florida decisions.
*623 In City of Jacksonville v. Schumann, Fla. App., 167 So.2d 95 (1964), we had the following to say about the rather unusual nature of an action in inverse condemnation :
“Inverse condemnation has been defined as the popular description of a cause of action against a governmental defendant to recover the value of property which has been taken in fact by the governmental defendant, even though no formal exercise of the power of eminent domain has been attempted by the taking agency. Thornburg v. Port of Portland, 233 Or. 178, 376 P.2d 100 (1962) ; Martin v. Port of Seattle, [64 Wash.2d 309,] 391 P.2d 540 (Wash.1964). To the same effect but using different words, the New York Supreme Court, • Appellate Division, in Trippe v. Port of New York Authority, 17 A.D.2d 472, 236 N.Y.S.2d 312 (1962) said that inverse condemnation is a method of compensation wherein ‘an owner asserting a claim for appropriation of his property may pursue his right by an action in equity for an injunction, and for damages; the court may then, as an alternative to the injunction, make an award for the taking * * ”
In the case at bar the plaintiffs' complaint, in our opinion, states a cause of action at law, seeking only damages for their property which was taken by the defendants. In such an action at law, of course, the factual issues are to be determined by a jury.
While we know of no decision on this precise point, it seems to us that in condemnation cases, as well as in inverse condemnation cases where only damages are sought for the taking of property, the courts of Florida should be particularly cautious about entering summary judgments and thus denying the right to a jury trial, in view of the provision of our State Constitution expressly requiring that a jury determine just or full compensation when private property is taken. Section 12 of the Declaration of Rights in our Constitution, F.S.A. provides in pertinent part: “No person shall * * * be deprived of life, liberty, or property without due process of law; nor shall private property be taken without just compensation.” Section 29, Article XVI of the Constitution reads in its entirety:
“Condemnation of property; compensation. — No private property, nor right of way shall be appropriated to the use of any corporation or individual until full compensation therefor shall be first made to the owner, or first secured to him by deposit of money; which compensation, irrespective of any benefit from any improvement proposed by such corporation or individual, shall be ascertained by a jury of twelve men in a court of competent jurisdiction, as shall be prescribed by law.”
By our discussion in the preceding paragraph we do not, of course, intend to imply that summary judgment can never be entered in a condemnation or inverse condemnation case. In such a case the, entry of a summary judgment for the gov-ernnment agency would be authorized under the above rules if, for instance, the evidence shows (without conflicting inferences) that the landowner’s property is not taken or damaged and also that the said agency is entitled to the judgment as a matter of law. Such is not the situation, in our opinion, in the case at bar.
Even disregarding the fact that this is an action in inverse condemnation to which the above constitutional guarantees would be applicable, and applying the above-discussed rules governing the entry of summary judgments and thus construing all reasonable inferences against the defendants and in favor of the plaintiffs, we think (1) that there exists in this case a genuine issue as to a material fact and (2) that the defendants are not entitled to a judgment as a matter of law. We think that the evidence before the court *624 was reasonably susceptible of the inference that the defendants department and county had taken the plaintiffs’ said property in enlarging the state road, and that this important factual issue should have been allowed to be determined by a jury and not disposed of by the court in this summary process.
For the foregoing reasons the final summary judgment must be and it is reversed, and the cause remanded with instructions for further proceedings consistent with the views set forth herein.
Reversed and remanded with directions.
WIGGINTON, C. J., and RAWLS, J., concur.