RAWLS, Acting Chief Judge.
The executrix appeals from a final summary judgment in favor of plaintiff, and contends that same should have not been entered upon the record before the trial judge. We agree and reverse.
Lear sued the estate upon a promissory note allegedly executed by C. G. Meigs and Thomas Powell on November 9, 1946, in the sum of $5,000.00, payable sixty days from date, bearing interest at 8% per annum, and providing for payment of reasonable attorney’s fees if placed in the hands of an attorney for collection. The trial judge entered summary judgment in the sum of $5,000.00 principal, $8,184.21 interest, and $5,500.00 attorney’s fees.
Lear, in answer to interrogatories, stated that during the years 1945 and 1946 he was employed by the Valpariso State Bank in the capacity of Vice-President and Cashier at a salary of $3,000.00 to $4,000.00 per year; that the $5,000.00 he loaned to Meigs was accumulated from “ * * * my earnings and that of my wife and from interest, dividends, profits and occasional gifts, etc. I cannot state with any definiteness as to the source of the $5,000.00 because it is impossible to do so. I did not lend $5,000.00 to Thomas J. Powell and I did not so state when my deposition was taken.” He deposed that he took the $5,000.00 out of his safe-deposit box on November 9, 1946, and handed it in cash to Meigs; that he had never attempted to charge the loan *480 off for income tax purposes; had not carried1 the sum as an account receivable on his books, stating, “ * * * I don’t always keep a complete set of books”; had no other records from 1946 reflecting that Meigs and Powell owed the sum; had made no written demand upon Meigs for payment, although on various occasions he asked Meigs about settlement, and the reply was, “We’ll have a settlement one of these days.” Lear further testified that he “ * * * didn’t consider Mr. Powell in connection with the note”; that Meigs wrote out the entire note except for Powell’s signature, left with the note and brought it back some thirty minutes later with Mr. Powell’s signature on it, at which time he gave Meigs the money; and that he had never made demand upon Powell for the money.
Powell deposed that he did not execute the note; that he and Meigs were partners in business at the time and signed many notes but not one that size and1 he had never endorsed a note or notes for Meigs to borrow money from Lear; that he did not like Lear, would never deal personally with him; that he had often tent money to Meigs and had been repaid promptly; that he didn’t believe the handwritten part of the note was written by Meigs although the signature appeared to be that of Meigs.
The substance of Mrs. Meigs’s admissions, affidavit and deposition was that she was 76 years old, didn’t know much about her husband’s business, but she didn’t believe her deceased husband owed the money because he told her in recent years they had no debts and because Lear had made no demand for payment until after her husband died; and she did not know whether the signature on the note was that of her husband or not.
Appellee insists that the actions of Mrs. Meigs require an affirmance of the summary judgment. He points out that she executed an affidavit in which she stated that in her opinion the signature was not that of her husband; that prior thereto, by answer to an interrogatory, she was without knowledge as to whether the signature was that of her husband, and subsequently, by deposition, admitted that she had never examined the note or a copy of same. Appellee then relies upon his deposition, his wife’s deposition and the deposition of Powell. Of materiality is that part of Appellee’s deposition wherein he stated that Meigs filled in all blank portions of the note in his own handwriting and Powell’s deposition, upon which Appellee relied, stating that such writing other than the signature was not in his opinion made by Meigs. To say the least, such evidence does not meet the fundamental evidentiary test to support a summary judgment. Further, Mrs. Meigs’s competency to testify was questioned by the Appellee on the grounds that she was an interested party within the meaning of the dead' man’s statute, and by medical proof submitted by her attorney that she was suffering from senility resulting in loss of memory.
Summary judgments must be constructed on a granite foundation of un-contradicted material facts. It is well settled that summary judgments and decrees should be entered with caution. Humphrys v. Jarrell, 104 So.2d 404 (Fla.App.2d, 1958). Even where the evidence is uncontradicted, the trial court lacks the authority to enter a summary judgment or decree if such evidence is reasonably susceptible of conflicting inferences. Touart v. Gonzalez, 156 So.2d 656 (Fla.App.1st, 1963); Wilson v. State Road Department, 201 So.2d 619 (Fla.App.1st, 1967). The evidence relied upon by Appellee to support the instant summary judgment fails to meet the fundamental requisites of the law of summary judgment.
Reversed with directions for further proceedings.
JOHNSON and SPECTOR, JJ., concur.