PEARSON, Judge.
This plaintiff climbed on a fence, jumped and landed on a dog. He broke his leg and then sued the dog owner upon the theory that the dog injured him. The plaintiff’s testimony on deposition was that when he jumped, the dog was not there but that as he was coming down to the ground, the dog suddenly appeared underneath his feet. The trial judge entered a partial summary judgment for the plaintiff holding the dog owner absolutely liable under Florida’s ancient “damage [done] by dogs” statute, Fla.Stat. § 767.01.
We feel that the trial judge was premature in his determination of liability, and would hold on this appeal that the plaintiff does not meet the second portion of the summary judgment rule which requires that the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that “the moving party is entitled to a judgment as a matter of law.” [emphasis supplied] See RCP 1.510(c).
Under the meager facts presented which do not show (1) where the dog was immediately prior to plaintiff’s jump, or (2) whether the plaintiff could have seen the dog prior to the jump, it does not appear as a matter of law that the dog did the damage. Therefore, the applicability of the statute to the facts of this case is a mixed question of law and fact to be submitted to the jury under proper instructions. See the rule stated in Meigs v. Lear, Fla.App. 1968, 210 So.2d 479, 480, and Pollock v. Kelly, Fla.App. 1960, 125 So.2d 109, 111.
Reversed and remanded.