## STATE OF FLORIDA v. McGETTINGAN
### Case No. 84-258-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
June 20, 1985

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Calvin L. Fox,** Assitant Attorney General, for Appellant.

**Nathaniel L. Barone, Jr.,** for Appellee.

Before SALMON, LEVY, DAVID, and MASTOS, JJ.

### OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order granting a motion to dismiss pursuant to Fla. R. Crim. P. 3.190(c)(4).

The facts are:

Defendant Daniel T. McGettingan was charged by information, dated August 3, 1984, with one count of "issuing a worthless check," in violation of Section 832.05, Fla. Stat. (1984). On October 12, 1984, defendant filed a "sworn motion to dismiss" citing Fla. R. Crim. P. 3.190(c)(4).

104

Fla. R. Crim. P. 3.190(c)(4) grants the defendant a right to move for dismissal of an indictment or information if "there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant."

Pursuant to Fla. R. Crim. P. 3.190(d), the state filed a traverse to this motion. Finding this traverse insufficient, the court granted defendant's request and dismissed the indictment.

It is an accepted principle of criminal procedure that motions to dismiss should not be entered except in a "most cautious and circumspect manner." *State v. West*, 262 So.2d 457 (Fla. 4th DCA 1972). Unlike the standard employed at trial when the jury considers the evidence, in determining whether the state has shown a prima facie case so as to successfully resist a (c)(4) motion, "all inferences should be resolved against the defendant." *State v. Upton*, 392 So.2d 1013 (Fla. 5th DCA 1981).

In comparing (c)(4) motions to civil motions for summary judgment, the court in *State v. Carroll*, 404 So.2d 845 (Fla. 5th DCA 1981), found similarity and determined that such motions "should be granted rarely because most cases involve disputed facts and trials are for the resolution of disputed facts."

Taking this line of reasoning into consideration in *Meigs v. Lear*, 210 So.2d 479 (Fla. 1st DCA 1968), the court stated that summary judgment and "like decrees" must be constructed on a granite foundation of uncontradicted material facts."

We must now consider Fla. R. Crim. P. 3.190(d), and the sufficiency of the state's traverse.

We recognize that in the instant case the traverse appears to be inconsistent in that one paragraph admits dates which seem to allege that the check in issue is in fact post-dated, while another denies that very fact.

The rule, however, provides that a motion to dismiss *shall be denied* if the state, "files a traverse which with specificity denies under oath the material fact or facts alleged in the motion to dismiss."

Case law on point permits a traverse to stand, even if said traverse sets out "certain disputed facts which are irrelevant or inadmissible at trial, or which may not even effectively traverse the defense motion." *State v. Carroll*, supra.

Because of our holding, it is not necessary to reach the question of whether or not a "(c)(4)" motion can be granted when the lack of intent of the defendant is alleged.

**105**

The decision of the trial court is Reversed, and the cause Remanded for further proceedings in accordance with our decision.

SALMON, LEVY, DAVID and MASTOS, JJ., concur.